UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

IN RE:   MICHAEL LEE ROSELLE

Case No. 5:24-mc-00112

## MEMORANDUM OPINION AND ORDER

TO:   Michael Lee Roselle
      PO Box 163
      Rock Creek, WV 25174-0163

Pursuant to a Notice to Appear for Petit Jury Service sent by the United States District Clerk's office on April 16, 2024, Michael Lee Roselle was instructed to report for petit jury service in the United States District Court for the Southern District of West Virginia on April 29, 2024. The summons stated:

> YOUR FAILURE TO ATTEND IN ACCORDANCE WITH THIS NOTICE MAY RESULT IN PUNISHMENT BY FINE AND/OR IMPRISONMENT. ANY PERSON SUMMONED FOR JURY SERVICE WHO FAILS TO APPEAR AS DIRECTED MAY BE ORDERED BY THE DISTRICT COURT TO APPEAR FORTHWITH AND SHOW CAUSE FOR HIS/HER FAILURE TO COMPLY WITH THE SUMMONS. ANY PERSON WHO FAILS TO SHOW GOOD CAUSE FOR NONCOMPLIANCE WITH A SUMMONS MAY BE FINED NOT MORE THAN $1,000.00, IMPRISONED NOT MORE THAN THREE (3) DAYS, ORDERED TO PERFORM COMMUNITY SERVICE, OR ANY COMBINATION THEREOF. See 28 U.S.C. 1866(g).

Mr. Roselle submitted a juror questionnaire form dated April 21, 2023, wherein he stated, "I am hard of hearing and do not have hearing aids; also, I have extreme trouble focusing attention." He submitted no supporting medical information. Mr. Roselle also failed to provide a contact phone number or email address.

On May 7, 2024, the Court ordered Mr. Roselle to appear on May 24, 2024, at 10:00 a.m., to show cause why he should not face sanctions for his nonappearance at jury service on

April 29, 2024. [Doc. 1]. On May 14, 2024, he was personally served the show cause Order by the United States Marshal. [Doc. 3]. Mr. Roselle failed to appear as directed, instead arriving 20 minutes after the hearing was scheduled. He made no attempt to notify or forewarn the Court.

Title 28 U.S.C. § 1866(g) provides, "Any person summoned for jury service who fails to appear as directed . . . [and] show good cause for noncompliance with a summons may be fined not more than $1,000, imprisoned not more than three days, ordered to perform community service, or any combination thereof." The right to a trial by jury of one's peers is the hallmark of our judicial system and is "one of the most important safeguards against tyranny which our law has designed." *Lee v. Madigan,* 358 U.S. 228, 234 (1959); *see also* U.S. Const. art. III, § 2; *id.* amends. VI, VII. One colleague has adroitly observed "trial by jury is so important to our system of justice that Congress has instructed the courts of the United States to fine and imprison those who avoid serving on juries." *In re Green*, No. 96-0222, 1996 WL 660949 at *2 (E.D. Pa. Nov. 15, 1996). In sum, jury service is one of the highest and most important of civic obligations, and the failure to appear and serve when called is a matter of the utmost seriousness. Furthermore, many individuals facing the same or similar types of afflictions professed by Mr. Roselle nevertheless appear for service as directed and, at a minimum, face the customary questioning of the Court and counsel to ascertain whether they should be dismissed for cause. Mr. Roselle declined to do so, in the face of two direct, written commands that he appear.

In determining whether to impose punishment as authorized by statute for an individual's failure to appear as directed for jury service, the Court considers the following, non-exhaustive list of factors:

1. Whether the individual willfully and intentionally failed to appear for jury service as directed;

2. The nature and circumstances surrounding the individual's failure to appear;

3. The extent of evidence offered demonstrating an excuse for the individual's failure to comply with the jury summons;

4. Whether the individual made reasonable efforts to avail himself of a postponement or hardship excuse as provided by the jury summons; and

5. Whether the individual made any effort to notify or forewarn the Court of his absence.

The difficulty here is that Mr. Roselle has offered only the briefest of justifications for his failure to appear and medical substantiation for neither of them. He has since been given multiple opportunities to explain his unilateral decision not to appear and has either ignored them or failed to adhere to the Court's schedule. The Court is thus constrained to find he has (1) willfully and intentionally failed to appear as directed, (2) failed to adequately disclose, substantiate, and develop the nature and circumstances of, and evidence supporting, the failure to appear, especially given the Court has hearing assistance devices available for jurors, and (3) made minimal, ineffective efforts to support a hardship excuse or forewarn the Court of his unilateral decision to absent himself from the opportunities to appear and show cause.

Accordingly, the Court finds Mr. Roselle failed to appear as directed or show good cause for avoiding jury service on April 29, 2024. The Court further finds Mr. Roselle failed without excuse to appear as directed for his show cause hearing and did not make any effort to notify or forewarn the Court of his absence or tardiness on either occasion.

Accordingly, the Court **FINDS** Mr. Roselle **IN CONTEMPT** and **ORDERS** him ***to pay a $1000.00 fine***. In lieu thereof, Mr. Roselle is invited to submit to the Court a one-page letter explaining (1) the circumstances of his absence, with supporting medical documentation, (2) why he believed he could ignore Court processes without penalty, (3) appropriate remorse, and (4) two acts of community service he performed following the entry of this Order in service of ameliorating his failure to appear and purge himself of the contempt. If tendered on or before June

30, 2024, the letter and service will be considered in remitting the fine partially or in full.

       The Clerk is directed to send a copy of this written opinion and order to the United States Marshal Service. The United States Marshal Service is, in turn, directed to personally serve a copy upon Mr. Roselle.

           ENTER:  June 12, 2024

Frank W. Volk
United States District Judge

4